WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Gordon Lummus,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No.  CV-16-0737-PHX-DKD<br><br><br>**ORDER** |

After his application for benefits was denied, Robert Gordon Lummus appealed to this Court and his claim was remanded for further proceedings in case 2:12-cv-2377. On remand, the record was opened to include updated medical records and a hearing was conducted where Lummus and a vocational expert testified.  (Tr. 666-89)  Subsequently, the ALJ issued an opinion that, in compliance with the remand order, reexamined the treating physician opinion and reevaluated Lummus' credibility.  (Tr. 624, 707-708)  The ALJ concluded that Lummus was not disabled because his severe impairments permitted sedentary work subject to additional exertional limitations and so he could perform jobs that exist in significant numbers in the national economy.  (Tr. 624-39)  Because the Court concludes that the ALJ did not err, the Court will uphold the denial of benefits.

**Standard of Review**

This court must affirm the ALJ's findings if they are supported by substantial evidence and are free from reversible error. *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th

Cir. 1990). Substantial evidence is more than a mere scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In determining whether substantial evidence supports the ALJ's decision, the court considers the record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1988). The ALJ is responsible for resolving conflicts, ambiguity, and determining credibility. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

Thus, the Court must affirm the ALJ's decision where the evidence considered in its entirety substantially supports it and the decision is free from reversible error. 42 U.S.C. § 405(g); *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). The Court must do more than merely rubber stamp the ALJ's decision. *Winans v. Bowen*, 853 F.2d 643, 645 (9th Cir. 1988). However, where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. *Magallanes*, 881 F.2d at 750.

**Analysis**

Lummus, who was 42 years old at the alleged onset date, had past relevant work as an electrician. (Tr. 637) On appeal, Lummus argues that the ALJ did not properly evaluate the opinion of his treating cardiologist[1] and did not make a proper credibility determination. (Doc. 18)

<u>Treating Physician's Opinion.</u> Lummus began treatment with cardiologist Robert C. Candipan, M.D., shortly before his alleged onset date in 2010. (Tr. 338-39) At that time, Dr. Candipan diagnosed Lummus with non-ischemic cardiomyopathy, possibly

---

[1] The ALJ also found that Lummus' degenerative disc disease of the lumbar spine and substance abuse were severe. (Tr. 627) On appeal, Lummus does not argue that the ALJ was incorrect in concluding that these severe impairments did not meet or equal the severity of a listed impairment. Accordingly, the Court will not review the evidence supporting these determinations.

secondary to alcohol.  (Tr. 344).  During the course of treating Lummus, Dr. Candipan did not change this diagnosis.  (Tr. 842)

In October 2010, Dr. Candipan noted that Lummus "probably should not be doing" the heavy exertion required of an electrical worker in construction.  (Tr. 343)  In January 2011, Dr. Candipan opined that Lummus "cannot do the same activities that he used to do" and checked boxes on a form acknowledging that Lummus suffers from fatigue, does not need to nap during the day, and can sustain work on a regular and continuing basis.[2]  (Tr. 356, 361)  In September 2011, Dr. Candipan stated that Lummus "had previously done rather heavy exertion in his line of work, and since this diagnosis was made, he has been disabled."  (Tr. 383)  Finally, in February 2012, Dr. Candipan wrote two letters.  In the first, he stated that Lummus did not have "any symptoms of congestive heart failure" but he was "debilitated due to dyspnea on exertion."  (Doc. 460)  In the second, he again stated that Lummus did "not suffer from overt heart failure, but he does have significant impairment in his function capacity due to chronic weakness and fatigue." (Tr. 536)  He concluded by stating that, in his opinion, Lummus could not work on a full time basis and was "totally disabled."  (Tr. 536)

The uncontroverted opinion or ultimate conclusion of a treating physician is accorded great deference, deserves controlling weight, and if not in conflict with the record, can only be rejected with findings that are supported by clear and convincing reasons based on substantial evidence. *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

Here, the ALJ found that Dr. Candipan's opinions were entitled to little weight and were inconsistent with the record.  (Tr. 636)  To support this conclusion, the ALJ provided extensive citations to the record.  First, the ALJ noted that Dr. Candipan's conclusory statements were inconsistent with Lummus' medical record.  As detailed in the ALJ's decision, Lummus' treatment records, many of which postdate Dr. Candipan's

---

[2] On appeal, Lummus argues that this must be a mistake. (Doc. 18 at 11)  This, without more, is not a persuasive argument and underscores some of the issues inherent in asking medical professionals for legal conclusions.

- 3 -

letters, confirmed Dr. Candipan's statement that Lummus did not demonstrate any symptoms of congestive heart failure. (Tr. 460, 466, 842, 846, 849, 851-53) The ALJ further noted that Lummus had experienced chest pain but this symptom resolved after Lummus received a pacemaker, a defibrillator, and started taking proton pump inhibitor medication. (Tr. 352-53, 458, 461, 464, 498, 553, 630, 631-32, 846, 849, 851) Finally, the ALJ noted that Lummus' other symptoms, such as fatigue and dyspnea, had either improved with treatment or were only intermittently present. (Tr. 340, 354, 463, 495, 535, 846) Consistent with Dr. Candipan's treatment notes and letters, the ALJ limited Lummus' residual functional capacity to accommodate his fatigue and dyspnea.

Thus, the ALJ accommodated the limitations noted by Dr. Candipan in his treatment notes and in his letters. The ALJ also agreed with Dr. Candipan to the extent that his opinion was that Lummus could not resume work as an electrician. However, the ALJ did not agree with Dr. Candipan's ultimate conclusion about Lummus' disability. This was not in error. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); *Lester v.* 81 F.3d 821 at 830 ("clear and convincing reasons are required to reject the treating doctor's ultimate conclusions"). Because the ALJ's determination about Dr. Candipan's opinion was supported with clear and convincing reasons and based on substantial evidence, there was no error.

<u>Lummus' Credibility.</u> Next, Lummus argues that the ALJ failed to articulate clear and convincing reasons for discounting his symptom testimony. An ALJ must engage in a two-step analysis in evaluating the credibility of a claimant's testimony regarding alleged symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce the alleged symptoms. *Id*. at 1281. Second, when there is no affirmative evidence suggesting malingering, the ALJ must also set forth "specific, clear and convincing reasons" before it can reject a claimant's

testimony about the severity of symptoms. *Id*. at 1283-84. *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The clear and convincing standard is the most heightened standard in Social Security Law. *Moore v. Soc. Sec. Admin.*, 278 F.3d 920 (9th Cir. 2002). Once an underlying impairment is verified, an ALJ cannot use a lack of full and objective medical corroboration to reject a claimant's subjective symptoms. *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986), *superseded by statute on other grounds as stated in Bunnell v. Sullivan*, 912 F.2d 1149 (9th Cir.1990). To support a finding that the symptoms are not credible, the ALJ must offer specific findings properly supported by the record in sufficient detail to allow a reviewing court to review the findings for permissible grounds and freedom from arbitrariness. (*Id*.) Moreover, the mere fact that Lummus engages in some daily activities does not in any way detract from the credibility as to his overall disability, as a claimant does not need to be "utterly incapacitated" in order to be disabled. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). Such activities of daily living can only be used to reject a claimant's testimony if those activities actually show that a claimant can work or they are inconsistent with a claimant's testimony regarding what he or she can do. (*Id*.)

Here, the ALJ did not find evidence that Lummus was malingering. Instead, the ALJ found that Lummus' impairments could reasonably be expected to cause his alleged symptoms but his statements about the intensity, persistence, and limiting effects of his symptoms were not credible to the extent they were inconsistent with the residual functional capacity assessment. (Tr. 22) As detailed below, the ALJ supported this finding with specific, clear and convincing reasons and noted conflicts between Lummus' testimony and his conduct. *Light v. Social Sec. Admin.*, 119 F.3d 789, 792-93 (9th Cir. 1997); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990). Accordingly, there was no error.

Lummus argues that the ALJ did not properly weigh his testimony about the severity of his limitations. (Doc. 18 at 23) As noted above, Lummus' treatment had controlled the symptoms of congestive heart failure leaving Lummus with fatigue and

1 dyspnea. (Tr. 673, 679) "Impairments that can be controlled effectively with medication are not disabling. *Warre v. Commissioner of Social Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Accordingly, the ALJ was correct to focus on Lummus' remaining symptoms of fatigue and dyspnea.

When evaluating Lummus' credibility about his fatigue and dyspnea, the ALJ properly acknowledged the limited prevalence of, and Lummus' sometimes contradictory reporting about, these symptoms. As the ALJ noted, medical providers sometimes noted Lummus' fatigue and dyspnea. (Tr. 517, 521, 531) However, Lummus denied experiencing these symptoms at other times. (Tr. 338, 590, 602, 630, 871) Instead, Lummus testified at the hearing in this matter that he was fatigued only twice a week but napped daily for one to two hours. (Tr. 681-82) Moreover, Lummus testified that he has no shortness of breath when he does not walk. (Tr. 682) The ALJ noted the impact of his fatigue and dyspnea and, as a result, limited Lummus to less-than-sedentary work. (Tr. 632) Moreover, the ALJ noted that Lummus had participated in activities such as driving, handling his finances, preparing meals, reading, and working on his son's car, all of which suggest that he can still perform sedentary work. (Tr. 633)

Finally, the ALJ also noted that Lummus had not complied with all of his treatment recommendations, specifically the oft-repeated recommendation that his alcohol-induced cardiac myopathy would benefit if he stopped smoking and drinking alcohol. (Tr. 633) The failure to follow a course of treatment can weaken a claimant's credibility. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Accordingly, the ALJ did not err in considering this when evaluating Lummus' credibility.

**IT IS ORDERED** that the decision of the ALJ and the Commissioner of Social Security is affirmed.

. . .

. . .

. . .

- 6 -

1     **IT IS FURTHER ORDERED** that the Clerk of the Court will enter judgment
2 accordingly. The judgment will serve as the mandate of the Court.
3     Dated this 31st day of March, 2017.

                                            David K. Duncan
                                            United States Magistrate Judge